DLD-282                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2398
_____

UNITED STATES OF AMERICA

v.

JACK RUSSELL BRISTOL, a/k/a brisj44,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cr-00375-001)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2021

Before: JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed: October 13, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Federal prisoner Jack Russell Bristol appeals from an order of the District Court denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has moved to summarily affirm the District Court's order. We will grant the Government's motion.[1]

In 2019, Bristol was convicted of federal sexual offenses concerning minors. The District Court imposed a 360-month sentence. Bristol appealed, but this Court granted the Government's motion to enforce the appellate-waiver provision included in Bristol's written plea agreement. See C.A. No. 19-3144.

Bristol filed the motion at issue here in March 2021, seeking compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) based on conditions at FCI Cumberland resulting from the COVID-19 pandemic. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). After considering the Government's response, the District Court denied the motion.

The District Court determined that Bristol had not presented "extraordinary and compelling reasons" for his release. Bristol's medical records showed that he suffers from hyperlipidemia, but he did not produce any evidence that hyperlipidemia is a COVID-19 risk factor. Bristol also stated that he was a long-time user of chewing

---

[1] Although we have entertained the Government's motion, we remind the Government that such a motion should typically be filed before the appellant's opening brief is

tobacco, but the District Court noted that Bristol's medical records reflected that he had normal lung function, even after contracting and recovering from COVID-19 in January 2021. The District Court concluded that Bristol's health conditions, even in conjunction with his age (64), did not warrant his early release.

The District Court also determined that a reduction in sentence was not warranted because Bristol would pose a danger to the community, and he did not merit release under the applicable factors set forth in 18 U.S.C. § 3553(a). Id. at 11-12. The Court explained that the nature of Bristol's offense, and the fact that he had served only thirteen percent of his sentence, weighed against his release. Bristol timely appealed the denial of his motion.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a compassionate-release motion for abuse of discretion. United States v. Andrews, --- F.4th ---, 2021 WL 3852617, at *3 (3d Cir. Aug. 30, 2021). "[W]e will not disturb the court's determination unless we are left with 'a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached'." Id. (quoting United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020)).

We agree with the Government that the District Court did not err in determining that Bristol failed to present "extraordinary and compelling reasons" for his release. Bristol did not establish that he has any health conditions that make him particularly

due. See 3d Cir. L.A.R. 27.4(b).

3

vulnerable to a risk of severe illness from COVID-19. And his age, while putting him at a slightly increased risk, does not compel his release.

But even if Bristol had made the threshold showing that "extraordinary and compelling reasons" supported his release, we also agree with the Government that the District Court did not abuse its discretion in determining that compassionate release in this case would be inconsistent with the Section 3553(a) factors. See United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

The Court did not abuse its discretion in concluding that Bristol failed to demonstrate that he would not be a danger to the community. Id. at 13; see 18 U.S.C. § 3553(a)(2)(C) (including protection of the public as a sentencing factor). As the Government noted, "Bristol's repeated depraved actions aimed at a particularly vulnerable segment of the population, and his willingness to further those actions by subjecting girls to in-person abuse, show he has no regard for public safety and presents a clear danger to the community." Dist. Ct. Mem., Dkt. #87 at 6.

And the District Court remarked that Bristol had served only thirteen percent of his sentence at the time of his motion. That factor also weighs against Bristol's release. See Pawlowski, 967 F.3d at 331 ("Because a defendant's sentence reflects the sentencing

4

judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether [compassionate] release would be consistent with those factors.").

For these reasons, Bristol's challenge to the District Court's order does not present a substantial question. We therefore grant the Government's motion, and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.